LEAVY, Circuit Judge,
concurring in part, dissenting in part:
I concur in that portion of the majority’s disposition that affirms as to certain defendants. I dissent from that portion that reverses as to the County of Orange.
I disagree with the majority’s conclusion that the district court committed error in rejecting Sarmiento’s proposed verdict form. The majority remands for a new trial against Orange County on Sarmien-to’s claim that “unnamed deputies,” while acting pursuant to a custom, practice or policy, used unreasonable force. Sarmien-to did not articulate this theory of harm by “unnamed deputies” in the final pretrial order nor did he present this theory at trial. Sarmiento’s proposed verdict form contained erroneous questions for the jury. Therefore, the district court properly rejected Sarmiento’s proposed verdict form.
The final pretrial order states that the parties “will be precluded from presenting claims or defenses not set forth in this order, in the manner required by this order.”
Plaintiffs first claim is that deputies acted under color of law and that unreasonable force was used. The only persons identified as “deputies” are Hernandez and LeFlore. No reference is made to un *721 named persons in the recitation of plaintiffs first claim for unreasonable force.
The second claim is plaintiffs custom, practice, or policy claim against County of Orange, the Orange County Sheriffs Department, and former Sheriff Carona. No deputy is named as an actor, nor is it contended that an unnamed person used unreasonable force. After the allegation that the defendants had a policy of causing, permitting, and/or condoning the use of unreasonable force against jail inmates, it is simply contended that plaintiff sustained damages as a proximate result of defendant County of Orange’s custom, practice, or policies. I disagree with the majority’s holding that plaintiff should be given a new trial so he can attempt to prove that someone he cannot identify, and never described in the final pretrial order as an unknown person, inflicted unreasonable force on him.
Plaintiffs third claim is for failure to train. Plaintiff contends that he “sustained damages as a proximate result of defendant’s failure properly to train defendant officers.” The final pretrial order limits plaintiffs claim to failure to train “defendant officers.”
If, as the majority holds, plaintiff could recover on the custom, practice, or policy claim by proving that an agent of Orange County other than Hernandez or LeFlore used unreasonable force, it would have been necessary to instruct the jury that plaintiff could recover only if the excessive force was the result of a custom, practice, or policy, and not because of a failure to train, because plaintiffs failure to train claim was limited to damages sustained “as a proximate result of defendant’s failure to train defendant officers.” Likewise, unless all claims require a finding of unreasonable force by either Hernandez, LeFlore, or both, the use of a verdict form that failed to differentiate between claims would be in error. Plaintiffs proposed verdict form failed to make that differentiation.
Plaintiffs state law claims are identified in the final pretrial order as respondeat superior claims. According to the final pretrial order, to establish these state law claims, plaintiff would be required to prove that “defendants” acted within the course and scope of their employment with the County of Orange. Thus the state law claims are limited to force inflicted by “defendants.”
Consistent with plaintiffs position set forth in the final pretrial order, and following closing arguments, counsel for plaintiff told the court:
MR. COOK: So it’s on the record, we had a discussion off the record regarding plaintiffs state law claims, 52.1, et cetera. It is plaintiffs position that should the jury find a constitutional violation, that the plaintiff would be entitled to recovery as a matter of law against the County of Orange since it’s undisputed the deputies were acting within the course and scope of employment; therefore, there was no necessity from plaintiffs standpoint to submit separate instructions.
It’s our position that plaintiff is willing to take the risk of that being the law by letting the jury decide the constitutional issue, and if there’s a finding of a Fourth Amendment violation, plaintiff would bring a post-verdict motion to have the Court enter judgment on the 52.1 claim to allow the Court to enter the appropriate statutory penalty, because it’s plaintiffs position those are issues as a matter of law. If plaintiff is incorrect— because I realize Your Honor’s not deciding that issue now, obviously — if plaintiff is incorrect and it believes for any reason the matter should have been submitted to the jury, then, that’s a waiver of any right that plaintiff would *722 have to have submitted the matter to the jury.
THE COURT: Thank you.
If the plaintiff believed his custom, practice, or policy claim included unreasonable force used by persons other than Hernandez and LeFlore, he could not, with any degree of honesty, have contended that a finding of excessive force used by unnamed persons would of necessity result in liability on the state law claims, which, under the final pretrial order, are so clearly limited to conduct by Hernandez and LeFlore.
Even on appeal, plaintiff does not contend that the final pretrial order is as expansive as the majority holds. Instead, plaintiff argues in his opening brief, “As the district court correctly recognized, Mr. Sarmiento claimed that, ‘while in jail, unknown sheriff deputies made disparaging statements and physically and mentally abused’ him.” Plaintiff does not say that the court recognized this from the final pretrial order (filed January 1, 2009), but instead he purports to quote from the district court’s discovery order of March 10, 2008. That order paraphrased Paragraph 24 on Page 8 of plaintiff’s first amended complaint. A correct quote from the district court’s order is, “While in jail, unknown sheriff deputies (“Does”) made disparaging statements and physically and mentally abused Plaintiff.” Plaintiff’s original complaint did not name Hernandez or LeFlore, but included as defendants “Does 1-10.” Plaintiff’s first amended complaint names Hernandez and LeFlore, and “Does 3-10” as defendants. The final pretrial order dismisses as to all parties except those named on Page 3 under the heading, “The Parties.” Neither “unnamed parties” nor “Does” are alleged to be actors, nor are they mentioned in the entire final pretrial order.
Plaintiffs counsel was consistent in pursuing what was probably a prudent strategy of focusing his claims on the conduct of Hernandez and LeFlore. These two individuals concluded that plaintiff was intoxicated. Plaintiff had strong evidence that Hernandez and LeFlore were wrong. Plaintiff then argued that if these two were wrong about plaintiff being drunk, they were probably false in denying the use of unreasonable force. Now that the jury has rejected plaintiffs claims, after what appears to be plaintiffs studious effort to focus upon Hernandez and LeFlore, plaintiff should not be permitted to revert to the expansiveness of the “Does” in his amended complaint.
Question 4 of the plaintiff’s requested special verdict form is one of twelve questions in that form. If plaintiffs proposed special verdict form had been used, the jury would answer Question 4 only if it answered “no” to Questions 1 or 2. Each of those questions asked whether circumstances facing the deputies “compelled” them to use the amount of force they did against plaintiff. This is an improper inquiry for the jury regarding the use of unreasonable force by law enforcement. See Graham v. Connor, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (a claim against law enforcement officers for excessive force is analyzed under the “objective reasonableness” standard); Liston v. Cnty. of Riverside, 120 F.3d 965, 976 n. 10 (9th Cir.1997) (the factual issue for the jury is whether the officer’s use of force was objectively reasonable under the circumstances). The trial judge properly rejected plaintiff’s error-laden proposed special verdict form. Question 4 could not be used even if plaintiff had contended than an unnamed individual used excessive force in the context in which it was requested with Questions 1 and 2. Even in a proper case, I would not require the trial court to search a proposed verdict form for one question that is free from error, and *723 then reverse the trial court for not using that question.
Even if plaintiff was claiming on his custom, practice, and policy claim that unnamed persons used unreasonable force, his objection to the verdict form as used failed to call the court’s attention to the difference between that claim and all the other claims which were, by the terms of the final pretrial order, limited to the conduct of Hernandez and LeFlore.
The majority refers to “the videotape of the beating.” They must see something that I do not. The plaintiff admitted at trial that the videotapes do not capture any of the alleged kicks or punches by officers, as filmed in the booking area, the hall, and the sobering cell.
Finally, a remand for further proceedings in accordance with the disposition will pose a quandary for the district court because footnote 1 says that Sarmiento intended to pursue the theory that Orange County failed to train its employees. The final pretrial order, however, provides that one of the facts required to be established on plaintiffs failure to train claim is “that plaintiff sustained damages as a proximate result of defendant’s failure to train defendant officers.” Plaintiff does not claim he was damaged as a result of the failure to train anyone else.
I would affirm the district court judgment in favor of all defendants and the judgment in their favor for costs.